Bell v. Day.

## OLIN BELL v. ROBERT DAY.

**No. 574.**   (57 Pac. 1054.)

1. EVIDENCE—*Malicious Prosecution—Statements of Officer.* In an action to recover damages for false imprisonment and malicious prosecution, where there is testimony from which the jury may find that the officer making the arrest is the agent of the party making the complaint upon which the arrest is had as well as a deputy sheriff, the plaintiff may show the statements of the officer at the time of the arrest tending to establish the fact that the prosecution was instituted for the purpose of collecting an indebtedness due the complainant.

2. ———— *Husband and Wife—Proof of Agency.* The wife is a competent witness in behalf of her husband in regard to transactions in which she acted as his agent; her agency may be established by the testimony of the husband.

3. ———— *Exclusion of Testimony—Record Examined.* Alleged error in excluding competent testimony examined. *Held,* that the testimony was properly excluded, (1) as incompetent, (2) because the witness was asked to answer ultimate questions to be submitted to the jury, (3) because the testimony was irrelevant.

4. PRACTICE, DISTRICT COURT—*New Trial—Misconduct.* In order to obtain a new trial for misconduct of the prevailing party, the alleged acts constituting the misconduct must be sustained by affidavits showing the charge to be true.

Error from Douglas district court; S. A. RIGGS, judge. Opinion filed July 18, 1899. Affirmed.

*McHale & Learnard,* for plaintiff in error.

*B. J. Horton,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by Robert Day, defendant in error, against Olin Bell, plaintiff in error, to recover damages for false imprisonment and malicious prosecution. A trial was had which resulted in a verdict and judgment for the plaintiff for

$190. The defendant, as plaintiff in error, presents the case to this court for review.

The only questions presented for consideration by the numerous assignments are that the court erred (1) in admitting incompetent, irrelevant and immaterial testimony; (2) in excluding competent testimony; and (3) in overruling the motion for a new trial.

Day testified, over the objection of plaintiff in error, to a statement made to him by the deputy sheriff, Glass, at the time he made the arrest, as follows:

"Ques. What did he say when he came to arrest you? Ans. He told me he had a warrant for me, but if I would give him a chattel mortgage on my house furniture to pay the two back payments, he would release me and I could get the use of it just the same as I had."

Bell was a vendor of musical instruments at Lawrance; Glass was his agent, and sold to Day an organ for the agreed price of $100, for which he executed eight title notes of $12.50 each. The first one of the notes was paid. Afterward, on or about the 1st day of September, 1896, two of the notes being due, Day took the organ and removed from Lawrence to the city of Topeka. On the 26th day of October thereafter Bell procured a warrant for the arrest of the defendant in error upon the charge "that Day, contriving and intending to cheat and defraud, did then and there unlawfully and fraudulently take, conceal and carry away out of the county of Douglas and state of Kansas, the organ mentioned, with intent to hinder and delay and defraud Bell, contrary to the statutes." Glass, at the request of Bell, was appointed deputy sheriff to serve the warrant. If he was simply a deputy sheriff, without any other relation existing with the complainant than that of an officer to exe-

cute the writ, his statement made at the time of the arrest would not be competent evidence. There was some competent testimony from which the jury might find that Glass was the agent of Bell in all the transactions. Glass was a general salesman for Bell, sold the organ, took the notes in question, and when they became due tried to collect them; when the prosecution of Day was under consideration he first saw the county attorney, and he was present when the complaint was made and was deputized to serve the warrant. It appears to have been conceded that he was agent, salesman, and collector. While the statement, if made by an officer without other authority than to serve process, would be incompetent, under the relations existing between the parties as disclosed, they were competent and properly admitted in evidence.

Mary Day, the wife of the defendant in error, was permitted, over objection, to testify that she informed Bell, a few days previous to removing to Topeka, that the family contemplated such removal; that they were unable to pay for the organ, and that he should come and take the instrument if he desired. The husband or wife is competent to testify where either party is the agent of the other. It very clearly appears that Mrs. Day was the agent of her husband for the purpose of making this communication. It is contended that the agency cannot be proved by the testimony of the husband, for the reason that he cannot be permitted to testify to communications between himself and wife during the marital relation. It appears to us that these declarations are not within the rule; that where a husband merely directs or authorizes his wife to act as his agent for a specific purpose he may be permitted so to testify. The testimony was properly admitted.

Did the court err in excluding competent testimony? This contention is based upon the action of the court in refusing to permit the plaintiff in error, Bell, to answer two questions, as follows :

"Ques. Now, I will ask you if all these matters, including your search for this man, your search for the instrument, your statement to me, your statement to the county attorney, and in making and filing of this complaint, whether or not you acted in good faith?

"Q. I will ask you to state if in this transaction you acted maliciously?"

These questions were improper ; they call for the witness to answer the ultimate questions to be submitted to the jury. In the action at bar, in order for the plaintiff to recover, the jury must, among other things, find that the prosecution complained of was commenced through malice, and that it was instituted without probable cause. The court refused to permit the plaintiff in error to show that Day, about the time of his removal, purchased a gasoline stove of one ———, in the city of Lawrence, for which he executed title notes ; and that he took the stove with him to the city of Topeka without informing the vendor. This transaction had nothing to do with the case on trial, even if he had committed an offense similar in character. The jury were not concerned as to this matter ; it could only serve to encumber the record and lead to confusion. The testimony was properly excluded.

It is contended that the court erred in overruling the motion for a new trial on account of misconduct of the prevailing party. The misconduct relied upon is that the attorney for Day, in his opening statement and also in his closing argument of the case, made certain alleged improper, unauthorized, prejudicial

Bell v. Day.

remarks to the jury.   The remarks of counsel in his opening address to the jury seem to have been proper ; at least they are not seriously objectionable.   The attorney declared his intention to prove certain matters which were excluded from the jury, yet the statements appear to have been in good faith.   In his closing argument he said :

" Mr. McHale is a collecting lawyer, and he sometimes goes to great lengths.   Look at the conspiracy. Mr. Bell goes to Mr. McHale and asks, How can I collect these notes of Day?   McHale tells him to go up to the justice of the peace and get out a warrant and put it in the hands of your man Glass, and have him get a good chattel mortgage and you will get your money."

This statement was unsupported by the testimony and should not have been made.   It is an abuse of the privileges of an attorney to make such unauthorized statements.   The matter is not presented to this court in such manner as to justify a reversal of the judgment of the trial court for that reason.   While one of the grounds alleged in the motion for a new trial was misconduct of the plaintiff, it is not supported by affidavit.   The statute prescribes that, to obtain a new trial for misconduct of the prevailing party, the matters must be sustained by affidavits showing the alleged charge to be true.   (Gen. Stat. 1897, ch. 95, §§ 316, 319 ; Gen. Stat. 1899, §§ 4569, 4572 ; A. T. & S. F. Rld. Co. v. Rowan, 55 Kan. 287, 39 Pac. 1010.)

It is also contended that the verdict is contrary to law, being informal.   In reads : " We, the jury in the above-entitled action, find for the plaintiff, and assess his damages for the false imprisonment alleged in the petition at the sum of $100, and assess his damages for malicious prosecution alleged in the petition

at the sum of $90." It is evident from this verdict that the jury assessed the plaintiff's damage at the sum of $190. The form of the verdict is immaterial, so long as the intention of the jury is discernible from the language used. If the verdict is informal, of course it is the duty of the trial court, before receiving it, to require the jury to make it more formal. But how does this informal verdict affect the rights of the plaintiff in error? This man Day was arrested upon an insufficient charge and complaint. Glass, the salesman and agent, was appointed special deputy for the purpose of making the arrest, and it appears that he sought to collect the money first. When this failed he made the arrest and Day was imprisoned. It was a useless prosecution, as no crime had been committed. The plaintiff in error fared very well at the hands of the jury. One hundred and ninety dollars is not an excessive judgment under the circumstances. There was no substantial error committed by the trial court.

The judgment is affirmed.